UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JASON LOMBARDO** | * | CIVIL ACTION NO. _____ |
| Plaintiff | * | |
| | * | JUDGE: _____ |
| **VERSUS** | * | |
| **DAIGLE TOWING SERVICE, LLC** | * | MAG. JUDGE: _____ |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Jason Lombardo, a person of the full age of majority and a resident and domiciliary of Mandeville, Louisiana, who brings his Complaint for causes of action of civil and maritime, alleges and requests relief as follows:

I.

The action against Daigle Towing Service, LLC arises under the Jones Act and the General Maritime Law of the United States by virtue of the "Savings to Suitors" clause and other applicable laws of the United States. This Court has supplemental jurisdiction under 28 U.S.C. Section 1367 over plaintiff's related General Maritime Law claims for unseaworthiness and maintenance and cure.

II.

Made defendant herein is:

    a. Daigle Towing Service, LLC, a domestic corporation, having its registered office and doing business in the State of Louisiana, domiciled in Plaquemines Parish, State of Louisiana, and who, at all material times herein, was the owner and operator of the vessel in navigation known as the Miss Laurie, at all relevant times within the jurisdiction of the United States.

III.

Defendant herein is justly and truly liable unto Plaintiff for all sums that are just and reasonable under these premises, including interest from the date of judicial demand, until paid, all costs of these proceedings, including expert witness fees, and for all general and equitable relief for this, to wit:

IV.

On March 24, 2022, Plaintiff was working as a direct employee of defendant, Daigle Towing Service, as a deckhand on the push boat, Miss Laurie. The vessel was manned by four employees, two deckhands and two captains, working in alternating six-hour shifts.

V.

On March 24, 2022, the Miss Laurie was sailing from New Orleans, Louisiana to LaRose, Louisiana, as it pushed three barges in a line. The first barge in the line was a crane barge commonly referred to by Daigle Towing Service as the "Behemoth." The following two barges were carrying a large amount of rocks which were to be unloaded at the destination site.

VI.

Plaintiff's six-hour shift was set to end at midnight on March 24, 2022. As midnight approached, Captain James Johnson, a direct employee of Daigle Towing Service, told Plaintiff

that Captain Johnson wanted to bring the Behemoth around to the side of the rock barge following behind it. The deck of the loaded rock barge following the Behemoth was approximately 3-6 feet lower than the deck of the Behemoth.

Captain Johnson ordered Plaintiff to untie the starboard line tying the Behemoth to the trailing rock barge and to give slack to the port line tying the two barges. Captain Johnson further ordered Plaintiff to remain on the Behemoth as Captain Johnson returned to the push boat. Captain Johnson instructed Plaintiff that Captain Johnson would "put on the brakes" and cause the Behemoth to come around to the side of the rock barge. Captain Johnson ordered Plaintiff to jump down from the Behemoth to the rock barge as the Behemoth approached the rock barge and to tie off the Behemoth to the rock barge the two barges.

VII.

Shortly before midnight, in the dark, late hour of March 24, 2022, Captain Johnson performed the maneuver he had described to Plaintiff. Plaintiff followed his captain's orders, standing on the Behemoth as it came around to the rock barge. With both barges in motion, Plaintiff attempted to traverse from the Behemoth to the rock barge, in order to tie off the crane barge. He lost his footing. Plaintiff was caught between the two barges as he fell, sustaining a crushing injury to his right upper arm.

VIII.

At all relevant times, Captain Johnson was acting in the course and scope of his employment with Daigle Towing Service, LLC. Daigle Towing Service is vicariously liable for any and all liability of Captain Johnson and/or any of its employees.

IX.

Plaintiff did not receive any formal training or instruction from Daigle Towing Service regarding his job duties or how to safely perform his duties. He was placed on a vessel without any safety orientation or training.

X.

Plaintiff conducted himself, at all times relevant, in a reasonable and prudent manner consistent with that of a deckhand of similar training and experience under similar circumstances as he carried out the direct orders of his superior officer in the manner in which he was instructed. Mr. Lombardo is therefore free from fault in causing the accident and his injuries.

XI.

Defendant is liable to Plaintiff for its negligence and/or liability for the following acts and/or omissions:

a) Failure to provide a reasonably safe place to work;

b) Failure to provide adequate training;

c) Failure to provide adequate supervision;

d) Failure to provide adequate lighting;

e) Failure to provide adequate amount of crew to safely perform the ordered task;

f) Providing improper and inadequate instruction;

g) Failure to follow any and all applicable Rules of Navigation, regulations and/or standards;

h) Allowing the existence of unsafe conditions;

i) Placing Plaintiff in a situation which it knew or should have known to be unreasonably dangerous;

j) Failure to take all reasonable actions to avoid the accident from occurring;

k) Any and all other acts of negligence to be revealed in discovery and proven at trial.

XII.

Venue is established in this jurisdiction, as the accident occurred in the Intercoastal Waterway, a navigable water of the United States of America, near LaRose, Louisiana, Lafourche Parish, at approximately Mile Marker 32-33 and the Defendant Employer, Daigle Towing Service, resides and has its principal office located in Plaquemines Parish, Louisiana.

XIII.

At all times relevant, Daigle Towing Service was engaged in the ownership and operation of a United States flagged vessel and its fleet of barges upon the navigable waters of the United States of America, including the Miss Laurie, the Behemoth, and the barges of the fleet.

XIV.

At all times relevant to the accident, Plaintiff was permanently assigned to work as a deckhand to the Miss Laurie, a vessel in navigation upon a navigable waterway of the United States. Further, Plaintiff was necessary to the mission of the vessel or fleet of vessels.

XV.

Plaintiff's work aboard the vessel was substantial in both duration and nature, and he spent nearly all of his working hours working aboard the Miss Laurie and the barges in the tow of that vessel.

XVI.

At all times pertinent, Plaintiff was working as a Jones Act seaman, employed by Defendant, Daigle Towing Service.

XVII.

Pursuant to the General Maritime Law of the United States of America, Defendant has the absolute and non-delegable duty to provide Plaintiff with maintenance and cure benefits from the date he was rendered unfit for duty until maximum cure is achieved. Defendant is currently providing maintenance and cure to Plaintiff, and it has a duty to continue to do so until Plaintiff reaches maximum cure.

XVIII.

As a result of the accident, Plaintiff was rendered unfit for duty on or about March 24, 2022, and presently remains unfit and incapable of returning to work as a seaman.

XIX.

The General Maritime Law of the United States protects Plaintiff, the seaman, from certain acts of Defendant which are egregious in nature, by awarding exemplary damages.

UNSEAWORTHINESS

XX.

In support of the Count of Unseaworthiness, Plaintiff specifically adopts each and every allegation within his Complaint.

XXI.

Plaintiff further alleges that Defendant, Daigle Towing Service, is liable, alternatively and/or concurrently, for the unseaworthiness of the vessel and/or negligence under the Jones Act

and the General Maritime Law, which fault, negligence and/or unseaworthiness caused Plaintiff's injuries.

XXII.

The Defendant caused, allowed, and permitted the barges in its fleet to become and remain in a slippery and dangerous condition. Defendant failed to take precautions to remedy or rectify such condition, and thereby failed to provide Plaintiff with a seaworthy vessel and a reasonably safe place to work.

XXIII.

The Defendant failed to properly train, supervise and adequately man the crew aboard the vessel and barges. Said failure rendered the vessel and barges unseaworthy and resulted in injury to Mr. Lombardo.

XXIV.

Defendant failed to ensure that proper training, supervision, policies and procedures were in place and enforced in order to prevent hazardous conditions from existing and posing an unreasonable risk of harm to those aboard the barges or fleet.

XXV.

The decision made by Daigle Marine Towing's Captain James Johnson to attempt the risky maneuver, at night, without ensuring sufficient crew, without adequate training or supervision of Plaintiff, and orders rendered by Captain Johnson to Plaintiff, and all actions of Captain Johnson which caused the subject accident, demonstrate that Captain Johnson was incompetent to serve as Captain, rendering the vessel unseaworthy. Captain Johnson's incompetence created an unreasonable risk of harm to Plaintiff and resulted in injury to Plaintiff.

XXVI.

As a result of the subject accident, Plaintiff suffered physical and mental injuries, as well as inconvenience, entitling him to recover damages from Defendant including, but not limited to:

a) Mental pain and suffering, past, present and future;

b) Physical pain and suffering, past, present and future;

c) Medical expenses, past, present and future, to the extent they are not paid by Defendant as part of his Cure;

d) Inconvenience, past, present and future;

e) Lost wages, past, present and future;

f) Loss of earning capacity, past, present and future;

g) Loss of household services, past, present and future;

h) Physical disfigurement;

i) Permanent disability;

j) Any and all other hedonic damages;

k) All damages allowed under the law and which may be proven at trial.

XXVII.

At this time, Plaintiff makes specific demand in the amount of $20,000,000. Plaintiff's substantial medical treatment and damages continue to accrue, and he reserves the right to change his demand.

XXVIII.

Plaintiff requests trial by jury on all issues.

WHEREFORE, the aforesaid premises considered, Plaintiff, Jason Lombardo, prays that Defendant, Daigle Towing Service, be duly served with a copy of this Complaint and cited to appear and answer same, and that after due proceedings are had, there be judgment rendered herein in Plaintiff's favor and against Defendant for the full amount of Plaintiff's damages and all costs, together with legal interest thereon from the date of judicial demand until paid.

Respectfully submitted,

**BLUE WILLIAMS, LLC**

*Christopher T. Grace, III*

---

CHRISTOPHER T. GRACE, III (#26901), T.A.
BRIAN C. BOSSIER (#16818)
3421 N. Causeway Boulevard, Suite 900
Metairie, LA 70002-3760
Telephone: (504) 831-4091
Facsimile:  (504) 849-3051
Counsel for Petitioner, Jason Lombardo

**DEFENDANT HAS AGREED
TO WAIVE SERVICE**

**CERTIFICATE OF SERVICE**

By my signature hereinabove, I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by the Court's electronic filing system on July 28, 2022.